**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Anthony F. CLARK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 2000.
Filed Oct. 16, 2000.

William G. Braught, Carlisle, for appellant.

Jamie M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: CAVANAUGH, DEL SOLE and TAMILIA, JJ.

DEL SOLE, J.:

¶ 1 This is a direct appeal from a judgment of sentence imposed after Appellant's conviction for aggravated harassment by prisoner, disorderly conduct and resisting arrest. After careful review of the record, we affirm.

¶ 2 The trial court has recited the facts of this matter as follows:

On October 18, 1999, following trial without a jury, the defendant was convicted of disorderly conduct, aggravated harassment by prisoner, and resisting arrest. The charges arose out of an incident that occurred on Friday, June 18, 1999, at approximately 2:00 o'clock in the morning. The Carlisle Police responded to a fight in front of the Carlisle Tavern on South Hanover Street, just south of the Courthouse. The defendant was first observed in a crosswalk. He then approached Officer Kevin Roland at which time he was screaming profanity. When Officer Roland attempted to arrest the defendant for disorderly conduct, the defendant avoided arrest by walking backwards and walking in circles. From time to time, the defendant would assume a fighting stance. The officer then sprayed the defendant with pepper spray in an effort to subdue him. The defendant then began running down South Hanover Street in the travel lanes of the roadway. The officer ran after the defendant until Mr. Clark slipped on the wet roadway and fell down. The officer then turned the defendant over onto his stomach and handcuffed him. Mr. Clark was then taken to the Carlisle Borough Police Station.

Once inside the station, he began kicking his legs into the air. He was eventually removed to the cellblock where he was to be detained. He was patted down and placed in a cell. In the meantime, he had begun to spit. The cell door was pushed closed and locked whereupon the defendant again spat in the direction of the police officers, striking Officer Jeffrey Kurtz with saliva.

Trial Court Opinion, 1/10/00, at 1–2.

¶ 3 Appellant raises two issues on appeal. Appellant contends that there was insufficient evidence to sustain the charges

of aggravated harassment by a prisoner and resisting arrest.

■ ¶ 4 In reviewing the sufficiency of the evidence, we must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Vesel*, 751 A.2d 676, 682 (Pa.Super.2000). The Superior Court may not weigh the evidence and substitute our judgment for that of the finder of fact. *Commonwealth v. Vetrini*, 734 A.2d 404 (Pa.Super.1999). The trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence presented. *Commonwealth v. Valette*, 531 Pa. 384, 613 A.2d 548 (1992). The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Seibert*, 424 Pa.Super. 242, 622 A.2d 361, 363 (1993), *appeal denied*, 537 Pa. 631, 642 A.2d 485 (1994) (citing *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468, 478 (1977) and *Commonwealth v. Libonati*, 346 Pa. 504, 31 A.2d 95, 97 (1943)).

¶ 5 With regard to his first issue, Appellant contends that a police station holding cell is not a "local or county detention facility" as defined for the crime of aggravated harassment by a prisoner; therefore, a critical element of the charge is missing.

¶ 6 Aggravated harassment by prisoner is defined by the Crimes Code as:

A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed, intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting, or expelling such fluid or material.

18 Pa.C.S.A. § 2703.1.

¶ 7 In addressing this issue the trial court stated:

... We know of no other Pennsylvania court decision which has grappled with this issue. Nonetheless, we have no difficulty in reaching the conclusion that a holding cell at a police station is a "local detention facility."

The provisions of the Crimes Code are construed according to the fair import of their terms but "when the language is susceptible of differing constructions, it should be interpreted to further the general purposes [of the Crimes Code] and the special purposes of the particular provision involved." 18 Pa.C.S.A. 105. Section 2703.1 describes conduct which might occur in a jail or prison or state penal institution. It also provides for culpability, however, in a "detention facility." If the phrase "detention facility" meant nothing more than a prison, there would have been no need to include it. Clearly, a detention facility includes something other than a county or state prison. In fact, if a police lock-up is not a detention facility, we are at a loss to know what else it could be. Moreover, we can think of no **reason** to differentiate between a prisoner who is awaiting a preliminary hearing in a county jail and one who is awaiting arraignment in a police lock-up.

Trial Court Opinion, 1/10/00, at 2–3.

■ ¶ 8 This court also has been unable to find a case in which a Pennsylvania court has addressed the issue *sub judice*. In interpreting the basic language of the

statute, however, we find that a police lock-up is, in fact, a "local or county detention facility" as contemplated by the relevant statute. In making this determination, we agree with the reasoning set forth by the trial court, as outlined above.

¶ 9 Appellant argues that the statute was enacted solely to limit violence done by people who have been confined in prison, rather than people placed in holding cells. Appellant's Brief at 9. This argument is unpersuasive. The purpose of the statute is to protect officers, law enforcement personnel, or other persons from harassment as described in the statute. The statute cannot reasonably be interpreted to protect people from harassment only by "prisoners", and not from other individuals being detained. Furthermore, the statute does not limit violations of this statute to those in prisons only: it explicitly applies to persons confined in or committed to "any local or county detention facility, jail or prison or any State penal or correctional facility located in this Commonwealth...." 18 Pa.C.S.A. § 2703.1. We hold that the Carlisle Police Station is a local or county detention facility. Accordingly, no element of the charge is missing.

■ ¶ 10 Appellant next contends that there was insufficient evidence to sustain the conviction of resisting arrest. Appellant argues that his actions created no risk of bodily injury to any person, nor were his actions such that the police needed to "employ means which justified or required substantial force to overcome the resistance." Appellant's Brief at 12–13.

¶ 11 The offense of "resisting arrest" is defined as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

¶ 12 After reviewing the evidence in this case, we are convinced that there was sufficient evidence to support the conviction of resisting arrest.

¶ 13 In the instant case, the evidence shows that after being informed that he was under arrest, Appellant took his book bag off, let the bag fall to the ground, assumed a fighting stance with his fists in the air and informed the arresting officer that "if you want to arrest me you are going to have to fight me." After the officer's second command that the Appellant put his hands behind his back, Appellant continued with his hands in the air. The officer attempted to reach out to place Appellant in handcuffs, and in response, Appellant pulled his hand away from the officer and put his hands back up in a fighting stance. After warning Appellant that he would pepper spray him if he did not cooperate, Appellant did not comply and continued with his hands in the air. Accordingly, the officer sprayed Appellant with the pepper spray. After being sprayed, Appellant took off running down the street in the travel lanes. The officer ran after Appellant. Appellant was apprehended only after he had slipped on the wet pavement while surrounded by police officers. The three officers attempting to effect the arrest struggled with Appellant on the ground. In order to handcuff him, an Officer had to roll Appellant over on the street.

¶ 14 The evidence was sufficient to support the finding that Appellant employed "... means justifying or requiring substantial force to overcome the resistance." See 18 Pa.C.S.A. § 5104. After Appellant took a fighting stance, the officer had to pepper-spray Appellant, and then chase him down traffic lanes before apprehending him. Upon attempting to apprehend Appellant there was a struggle, and the arresting Officer had to roll Appellant over on the ground to handcuff him. Substan-

tial force was thus required to overcome Appellant's resistance to the arrest.

¶ 15 In light of the foregoing, we find the evidence sufficient to support the conviction of resisting arrest. Hence, Appellant's second contention is found to be without merit as well.

¶ 16 Judgment of sentence affirmed.