J-A17023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY MICHAEL KAUFFMANN | |
| Appellant | No. 2839 EDA 2013 |

Appeal from the Judgment of Sentence April 18, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001635-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.            **FILED DECEMBER 22, 2014**

Appellant, Gary Michael Kauffmann, appeals from judgment of sentence entered on April 18, 2013, by the Court of Common Pleas of Monroe County. We reverse the conviction for violating 75 Pa.C.S.A. § 3111(a), affirm the other convictions, but vacate the judgment of sentence and remand for re-sentencing as we have upset the sentencing scheme.

For purposes of this appeal, the factual basis of Kauffmann's judgment of sentence is largely uncontested.  On June 12, 2012, Officer Christopher Gupko pulled over a vehicle operated by Kauffmann pursuant to his belief that Kauffmann was speeding.  After Kauffmann pulled over, Officer Earl Ackerman pulled in front of the vehicle to facilitate the traffic stop.

Officer Ackerman testified that he observed that Kauffmann had glassy eyes, a strong odor of alcohol, slurred speech, and was verbally combative.

Officer Gupko subsequently placed Kauffmann under arrest for driving while under the influence of alcohol (DUI) and took Kauffmann to the hospital for a blood test. Even though Kauffmann agreed to have his blood taken, he remained combative, and refused to sit for the test.

Officer Gupko then transported Kauffmann back to the police station. The police station did not have holding cells. Thus, Kauffmann was handcuffed to a chain, which was attached to an eyehook in the wall. While chained to the wall in the police station, Kauffmann became violent and began spitting. While Kauffmann was being placed in the back seat of the patrol vehicle for transport to the local jail, he spat on Officers Ackerman and Gupko.

A jury subsequently found Kauffmann guilty of two counts of Aggravated Harassment by a Prisoner,[1] one count of DUI-General Impairment,[2] one count of Obedience to Traffic Control Signals,[3] and one count of criminal mischief.[4] The trial court sentenced Kauffmann to an aggregate term of incarceration of twelve to twenty-four months. Kauffmann subsequently filed post-sentence motions, which the trial court denied. This timely appeal followed.

_____

[1] 18 Pa.C.S.A. § 2703.1
[2] 75 Pa.C.S.A. § 3802(a)(1)
[3] 75 Pa.C.S.A. § 3111(a)
[4] 18 Pa.C.S.A. § 3304(a)(4)

In his first issue, Kauffmann argues that he is entitled to a new trial pursuant to the Commonwealth's failure to disclose the dash-cam video during pre-trial discovery. However, we are unable to reach the merits of Kauffmann's **Brady**[5] claim as he has failed to include the dash-cam video evidence in the certified record. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the material necessary for the reviewing court to perform its duty." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (citing **Commonwealth v. Kleinicke**, 895 A.2d 562, 575 (Pa. Super. 2006) (*en banc*)). Furthermore, the law of Pennsylvania is well settled that issues not found within the certified record cannot be considered on appeal. **See Commonwealth v. Bracalielly**, 658 A.2d 755, 763 (Pa. 1995).

Kauffmann has failed to provide a copy of the dash-video in the certified record. We are thus unable to review the merits of his **Brady** claim as it requires us to determine if the trial court was correct in determining that the video was not exculpatory. Therefore, we find that Kauffmann has waived the issue for his failure to complete the certified record with all of the required materials for our review.

---

[5] **Brady v. Maryland**, 373 U.S. 83 (1963)

Next, Kauffmann argues that the evidence supporting his conviction for failure to obey a traffic control device was legally insufficient. We review challenges to the sufficiency of the evidence pursuant to the following standards. A claim challenging the sufficiency is a question of law. *See Commonwealth v. Smith*, 853 A.2d 1020, 1028 (Pa. Super. 2004). The evidence adduced at trial must be viewed in the light most favorable to the verdict winner to determine whether there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *See Commonwealth v. Walker*, 874 A.2d 667, 677 (Pa. Super. 2005). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *See id.* The Commonwealth is entitled to all reasonable inferences arising from the evidence and all facts which the Commonwealth's evidence tends to prove are treated as admitted. *See Commonwealth v. Hunter*, 768 a.2d 1136, 1142 (Pa. Super. 2001).

Only where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience, and in contravention to the laws of nature, is the evidence deemed insufficient as a matter of law. *See id*. We must determine whether, "accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the jury could properly have based its verdict, it is

sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Williams*, 316 A.2d 888, 892 (Pa. 1974).

Here, Kauffmann was found guilty of violating 75 Pa.C.S.A. § 3111(a) because he had allegedly exceeded the speed limit. 75 Pa.C.S.A. § 3111(a) states, in relevant part:

> Unless otherwise directed by a uniformed police officer or any appropriately attired person authorized to direct, control or regulate traffic, the driver of any vehicle shall obey the instruction of any applicable official traffic-control device placed or held in accordance with the provisions of this title.

Official traffic-control devices are defined as signs, signals, markings and devices placed under the appropriate authority of a jurisdiction, for the purpose of regulating, warning or guiding traffic. *See* 75 Pa.C.S.A. § 102.

This Court has previously stated that if the Commonwealth wishes to prove that a defendant violated § 3111(a) by exceeding the maximum speed limit, then it must present evidence calculated by one of the prescribed ways listed in 75 Pa.C.S.A. § 3368. **See Commonwealth v. Masters**, 737 A.2d 1229, 1232 (Pa. Super. 1999); **Commonwealth v. Martorano**, 563 A.2d 1229, 1233 (Pa. Super. 1989) (*en banc*). A panel of this Court in **Masters** stated:

> To the extent that a defendant can be prosecuted for exceeding a maximum speed limit under section 3111 of the Motor Vehicle Code, that section and section 3362 relate to the same subject matter. To establish a violation of section 3362, evidence of the use of a speed timing device as specified in section 3368 must be presented. Therefore, to construe sections 3362 and 3111

consistently, we must find evidence of the use of a speed timing device should also be required to established a violation of section 3111.

737 A.2d at 1232 (citations omitted).[6]

Instantly, when reviewing the record in a light most favorable to the Commonwealth as the verdict winner, we find that there is insufficient evidence to establish that Kauffmann violated Section 3111(a). The only evidence presented to establish Kauffmann's violation of Section 3111(a) is the estimated speed based upon the visual calculations of Officer Gupko. **See** N.T., Trial, 1/4/13 at 85. Officer Gupko testified that he estimated Kauffmann was traveling 65 m.p.h. in a 45 m.p.h. zone. **See id**. The record is devoid of any evidence calculated with the prescribed means listed within 75 Pa.C.S.A. § 3368. As such, we find that there is insufficient evidence to uphold Kauffmann's conviction under Section 3111(a). Accordingly, the judgment of sentence on this conviction is reversed.

In his third issue on appeal, Kauffmann challenges the sufficiency of the evidence supporting his conviction for aggravated harassment by a prisoner. Specifically, Kauffmann asserts that the evidence was insufficient to establish that he was in a "local detention facility" when the alleged assault occurred. Reviewing the record in a light most favorable to the Commonwealth as the verdict winner we find that there is sufficient evidence

---

[6] The Commonwealth's brief does not address Kauffmann's reliance on **Masters** or **Martorano** or the applicability of section 3368.

to uphold Kuaffmann's conviction under Section 2703.1. In relevant part, aggravated harassment by a prisoner is defined as follows:

> A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed to or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed, intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces, by throwing, tossing, spitting or expelling such fluid or material.

18 Pa.C.S.A. § 2703.1.

There are two scenarios under which a person can be found to have violated Section 2703.1. First, a person who has first been committed or confined to an appropriate institution or facility may intentionally expose another to bodily fluids while in the process of transport to or from that location. *See Commonwealth v. Leonburger*, 932 A.2d 218, 222 (Pa. Super. 2007). Under this scenario, a person does not violate Section 2703.1 if he exposes another to bodily fluids while being transported to a designated facility for the first time. *See id*. In the alternative, a person may violate this section if he exposes another to bodily fluids while he is committed or confined to an appropriate institution or facility. *See id*.

In the present matter, the Commonwealth's case was premised upon Kauffmann spitting on the officers as he was being transported to the county correctional facility. Therefore, Kauffman's conviction for aggravated assault

by a prisoner can only stand if the police station qualifies as a local detention facility.

In **Commonwealth v. Clark**, 761 A.2d 190 (Pa. Super. 2000), a panel of this Court held that a holding cell at a police station qualifies as a local detention facility. **See id**., 761 A.2d at 192. Specifically, the panel stated "[w]e now hold that the Carlise Police Station is a local or county detention facility." **Id**. It is clear from the holding of both **Clark** and **Leonburger** that it is not the manner in which an individual is confined that establishes what is a local detention facility, but rather, it is the nature and character of the facility itself. **See id**.; **see also Leonburger**, 932 A.2d at 223.

Therefore, a police station that has any means for restricting the freedom of movement of arrestees qualifies as a local detention facility. The record indicates that Kauffmann was confined to the bolt in the wall like all other arrestees who are confined in the police station. **See** N.T. 1/4/13 at 43. Unlike other police stations, this one does not have holding cells and this constituted the normal procedure and location for confining criminals. **See id.,** at 41. Just as the police station lock-up in **Clark** was a local detention facility, here, the police station's lock-up is also a local detention facility.

As such, the statute applies to the instant circumstances and there was sufficient evidence to uphold Kauffmann's conviction. Kauffmann was first confined to a local detention facility. While preparing to be transported

to the county detention facility from the local detention facility from which he was confined he then spat on the officers. Therefore, we find that there was sufficient evidence to uphold his conviction of aggravated assault by a prisoner.

Kauffmann next argues that the trial court usurped the fact-finding authority of the jury. Specifically, Kauffmann contends that the trial court committed an error of law by failing to instruct the jury to deliberate on the issue of whether the police station constituted a local detention facility. The United States Supreme Court has consistently held that the Sixth Amendment requires "a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 510 (1995). In reviewing a trial court's jury charge, we will determine if it adequately and accurately reflected the law and was sufficient to guide the jury in its deliberation. *See Commonwealth v. Early*, 546 A.2d 1236, 1240 (Pa. Super. 1985). Specifically, we look to see if the trial court abused its discretion in committing an error of law or clearly erroneous fact. *See Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa. Super. 2006).

Here, the trial court instructed the jury that they needed to find that three elements existed in order to convict Kauffmann of the crime of aggravated harassment by a prisoner. *See* N.T., Trial, 1/4/13, at 223. First, that Kauffmann was a prisoner at the time of the alleged exposure to bodily

fluids. *See id*. Second, that Kauffmann caused Officers Ackerman and Gupko to have contact with bodily fluids. *See id*. Third, that Kauffmann knowingly or intentionally caused his bodily fluids to come into contact with the officers. *See id*.

Instantly, we find that the trial court did not abuse its discretion while charging the jury. First, as noted above, we conclude that as a matter of law, the police station constituted a local detention facility under the statute. Furthermore, the jury charge indicated that the jury had to find that Kauffman was a prisoner in order to find him guilty. As such, we find that the trial court did not err in instructing the jury. Accordingly, we conclude that Kauffman's fourth issue on appeal merits no relief.

In his fifth issue on appeal, Kauffman contends that the trial court imposed an illegal sentence. In particular, Kauffmann argues that pursuant to this Court's decision in *Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super. 2013),[7] a defendant convicted of a second DUI based upon a refusal of a chemical blood alcohol content test could not be sentenced to a term of

---

[7] On October 29, 2014, the Governor signed Act 189 of 2014 into law (S.B. 1239, Session of 2014, Printer's No. 2396). This is an Act amending various provisions of the Motor Vehicle Code, 75 Pa.C.S.A., and in particular Section 3803(a), the section at issue in *Musau*. Act 189 amends Section 3803(a) by changing "Notwithstanding the provisions of" to "Except as provided in." Section 4(1)(ii) of Act 189, states that the amendment to § 3803(a) shall take effect immediately, meaning on October 29, 2014. Since Kauffman's sentence was entered prior to October 29, 2014, we apply the prior version of the statute.

imprisonment of greater than six months. The Commonwealth does not address this issue in its brief. The trial court has not addressed this issue, as Kauffmann is raising it for the first time on appeal.

In *Musau*, the defendant was convicted of DUI. As he had a prior conviction for DUI conviction and because he refused chemical testing, the trial court in *Musau* graded his offense as a first-degree misdemeanor pursuant to 75 Pa.C.S.A. § 3803(b)(4). As a result, the defendant was sentenced according to the sentencing guidelines for a first-degree misdemeanor to a period of 90 days to five years' incarceration. *See id*., at 756. This Court found that such a sentence was illegal because it exceeded the statutory maximum of six months incarceration. *See id*.

Like in *Musau*, the trial court sentenced Kauffmann pursuant to the guidelines for first-degree misdemeanors and imposed a sentence of 12 to 24 months' incarceration. As such, the sentence imposed by the trial court is illegal as it exceeds the six-month statutory maximum. Therefore, we must vacate the judgment of sentence and remand to the trial court for re-sentencing.

In his sixth and final issue on appeal, Kauffman asserts that his DUI conviction was against the weight of the evidence presented at trial. In addressing Kauffmann's weight of evidence challenge, we first begin by noting our standard of review.

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of

the evidence presented and determines the credibility of the witnesses.

As an appellate court we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breach, temporarily and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Boyd***, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (quoting ***Commonwealth v. Cruz***, 919 A.2d 279, 281-82 (Pa. Super. 2007)) (citations omitted). It is up to the jury to weigh the evidence, determine its credibility, and believe all, part, or none of it. ***See*** ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa. Super. 2003).

Instantly we find that the trial court did not abuse its discretion, as the weight of the evidence did not shock the trial judge's conscience. In addition to the fact that Kauffmann did not specifically consent to the blood test, there is other evidence to support the trial court's finding that the verdict was not against the weight of the evidence. Appellant contends that the only evidence to suggest that he refused the blood test was that he continued to request to read the DL-26 form. ***See*** Appellant's Brief, at 57. However, the

evidence presented by the Commonwealth revealed that Kauffmann made such requests in the room where the forms are no longer read or given to defendants. *See* N.T., Trial, 1/4/13 at 185-86. Furthermore, when Kauffman was asked to sit in order to give blood, Kauffmann continued to stand and refused to cooperate. *See id*., at 105. The officers present explained to Kauffmann that he either sit down and give blood or refuse the test by continuing to stand. *See id*., at 110.

Additionally, the jury heard evidence that the DL-26 form was read *verbatim* to Kauffmann. *See id*., at 105. There was no evidence presented that Kauffmann did not understand the form that was read to him. In light of the fact that Kauffmann continuously refused to sit for the test and insist to read the form at a time when it was not appropriate to read the form, we find that the jury's verdict is not against the weight of the evidence. Accordingly, the trial court did not abuse its discretion and Kauffmann's final issue on appeal merits no relief.

As our resolution of Kauffman's appeal has upset the trial court's sentencing scheme, we vacate the judgment of sentence in its entirety and remand for re-sentencing in accordance with this memorandum. *See Commonwealth v. Phillips*, 946 A.2d 103, 115 (Pa. Super. 2008) ("Where we determine that a sentence must be corrected, this Court has the option of amending the sentence directly or remanding it to the trial court for re-

sentencing. If a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand.").

Conviction for violating 75 Pa.C.S.A. § 3111(a) reversed; all other convictions affirmed. Judgment of sentence vacated and case remanded for re-sentencing. Jurisdiction relinquished.

Judge Stabile joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014