J-S71004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZONDEL CARTER | : | |
| | : | No. 1405 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence April 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008975-2014

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 09, 2018**

Appellant, Zondel Carter, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his convictions for possessing an instrument of crime ("PIC") and resisting arrest. He challenges the sufficiency of the evidence to support his convictions. We affirm.

The relevant facts and procedural history of this case are as follows. On April 11, 2014, two uniformed officers responded to reports of an armed robbery. Police saw Appellant walking out of a nearby alleyway and noticed he matched the description of the robber. They ordered him to stop. Instead, Appellant pulled what appeared to be a semiautomatic firearm from his waistband, threw it on the ground, and ran away.

_____
*   Retired Senior Judge assigned to the Superior Court.

The officers gave chase. When one of the officers was close, Appellant turned and charged headlong at the one officer. The two men grappled until the other officer tackled the pair. The officers subdued Appellant after approximately thirty seconds. The officers also collected the gun Appellant had discarded. Though the officers believed it to be a semiautomatic weapon at the time Appellant threw it on the ground, upon further inspection they discovered it was a BB gun[1] with the orange plastic tip painted black.

Appellant was arrested and charged with robbery and related crimes. The victim could not identify Appellant at the preliminary hearing, and failed to appear for trial. Consequently, the Commonwealth *nolle prossed* all charges except PIC, resisting arrest, and offensive weapons.[2] After a bench trial, the court found Appellant guilty of PIC and resisting arrest and not guilty of the offensive weapons charge. The court later sentenced Appellant to one to five years' incarceration. Appellant timely filed a notice of appeal and complied with the requirements of Pa.R.A.P. 1925(b).

On appeal, Appellant challenges the sufficiency of the evidence to support his convictions. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable

---

[1] "[A] gun that uses air pressure to fire small metal balls (called BBs)." Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary/BB%20gun, retrieved 2/15/18.

[2] 18 Pa.C.S.A. §§ 907(a), 5104, and 908(a), respectively.

inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. ***See Commonwealth v. Dale***, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. ***See Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Id***. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…." ***Commonwealth v. Woong Knee New***, 47 A.2d 450, 468 (Pa. 1946).

We begin with the PIC conviction. Appellant argues BB guns are not designed for criminal use. Appellant contends the Commonwealth failed to present evidence regarding the gun's capability of lethal use. Appellant maintains that walking with a BB gun is not a criminal act. And he asserts his flight from police was unrelated to his possession of the BB gun. Thus, he concludes the Commonwealth failed to present sufficient evidence to support his conviction for PIC. We disagree.

In order to prove possession of an instrument of crime, the Commonwealth must show that the defendant "possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). The statute defines an instrument of crime as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d). A BB gun with its toy markings disguised may be considered "specially adapted for criminal use" under the PIC statute. *Commonwealth v. Brown*, 23 A.3d 544, 561 (Pa. Super. 2011).

"PIC, by its definition, is an inchoate crime, meaning that a defendant only has to intend to employ the instrument of crime criminally; a defendant need not actually employ it or complete an associated crime." *Commonwealth v. Moore*, 103 A.3d 1240, 1252 (Pa. 2014) (citation omitted). "[R]ather, the focus is on whether the defendant possesses the instrument for **any** criminal purpose." *Commonwealth v. Naranjo*, 53 A.3d 66, 71 (Pa. Super. 2012) (emphasis in original). The defendant's criminal purpose provides the basis for his liability; that purpose may be inferred from the circumstances surrounding the possession of the instrument of crime. *See Commonwealth v. Andrews*, 768 A.2d 309, 318-319 (Pa. 2001).

"Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Miller*, 172 A.3d 632, 641 (Pa. Super. 2017) (citation

- 4 -

omitted). Although a factfinder may infer criminal intent beyond a reasonable doubt based on circumstantial evidence, intent may not be inferred based on mere possession. *See In re A.V.*, 48 A.3d 1251, 1254 (Pa. Super. 2012).

Here, police responded to reports of an armed robbery in a quiet residential neighborhood, late at night. They spotted Appellant furtively walking out of an alleyway near a crime scene. When the officers asked Appellant to stop, he instead threw what the officers believed to be a semiautomatic weapon on the ground. Appellant then attempted to flee. Once caught, Appellant offered no explanation for why he possessed the disguised BB gun, or his reasons for discarding it when alerted to the presence of the officers.

In his brief, Appellant mischaracterizes his own actions as demonstrative of mere possession. Based on the foregoing, we disagree. Appellant possessed an item specially adapted for criminal use, the disguised BB gun, under circumstances not manifestly appropriate for lawful uses that such a gun might have. That Appellant was not convicted of robbery or any underlying criminal activity is irrelevant. PIC is an inchoate crime; the Commonwealth was not obligated to prove the existence of an underlying criminal offense. *See Moore*, 103 A.3d at 1252; *Naranjo*, 53 A.3d at 71-72. Thus, we decline to grant relief on Appellant's PIC sufficiency challenge.

Turning to Appellant's second claim, he contests the sufficiency of the evidence convicting him of resisting arrest. Appellant posits that his conduct did not require substantial force to overcome.

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Our Court has upheld a conviction for resisting arrest where a defendant ran away and struggled with officers to avoid being handcuffed. *See Commonwealth v. Clark*, 761 A.2d 190, 193-194 (Pa. Super. 2000).

Here, both arresting officers testified at Appellant's bench trial. Officer James Putro testified that he was chasing Appellant down the street when Appellant suddenly charged at him head-on. *See* N.T., Trial, 3/3/15, at 25. Officer Putro and Appellant began wrestling, but he was unable to subdue Appellant. *See id*. Officer Putro stated he required the assistance of the second officer, Officer Stan Galiczynski, to control Appellant. *See id*. Officer Galiczynski testified that he was forced to tackle both men to the ground, in order to restrain Appellant. *See id*., at 12. Officer Putro explained how Appellant continued to struggle even after both officers attempted to place him in handcuffs: "[Appellant] was just actively resisting, flailing his arms and trying to tuck underneath to clench his hands so we were unable to grab each hand." *Id*., at 25.

Given the officers' testimony, we find the Commonwealth presented sufficient evidence to convict Appellant of resisting arrest. Appellant's conduct took the force of two police officers to overcome. Thus, Appellant's sufficiency challenge is without merit.

As Appellant is due no relief on either sufficiency claim, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/18