J-S60005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT ZAMICHIELI | : | |
| | : | |
| Appellant | : | No. 794 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 9, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000418-2017

BEFORE:   SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 20, 2019**

Appellant, Lamont Zamichieli, appeals from the judgment of sentence entered on May 9, 2019, in the Huntingdon County Court of Common Pleas. After review, we affirm.

The record reflects that in April of 2017, while Appellant was incarcerated at the State Correctional Institution ("SCI") at Huntingdon on unrelated charges, he mailed letters to two individuals outside of the institution.  N.T., Trial, 3/18/19, at 33, 44, 51, and 129.  One of the letters was delivered to its intended victim; the other was marked undeliverable and returned to the SCI.  *Id.* at 44, 57, and 91.  The letters were sexually explicit, and DNA testing confirmed that both letters were stained with Appellant's

---

[*] Retired Senior Judge assigned to the Superior Court.

seminal fluid. *Id.* at 131. In the letters, Appellant directed the recipients to lick hand-drawn hearts on the paper; testing revealed that these hearts were smeared with semen. *Id.* at 144-145.

Appellant was charged with two counts each of aggravated harassment by prisoner, indecent assault, and harassment.[1] Criminal Complaint, 7/18/17. The case proceeded to a jury trial on March 18, 2019. Before the jury entered the courtroom on the day trial began, Appellant became argumentative with the trial court. N.T., Trial, 3/18/19, at 7. The judge warned Appellant that if he continued to engage in disruptive behavior, he would be removed from the courtroom, and the trial would proceed without him. N.T., Trial, 3/18/19, at 7. Despite this warning, Appellant began pounding his head on the counsel table and rendered himself unconscious. *Id.* at 9. After Appellant injured himself, he was removed from the courtroom and returned to the prison during this one-day trial. *Id.* at 51. After Appellant was removed, the jury entered the courtroom, and Appellant was tried *in absentia*. *Id.* at 9-11. At the conclusion of the one-day trial, the jury found Appellant guilty of two counts of aggravated harassment by prisoner, one count of indecent assault, and one count of harassment. *Id.* at 195.

On May 9, 2019, the trial court sentenced Appellant to an aggregate term of fifty-four to 168 months of incarceration. N.T., Sentencing, 5/9/19,

---

[1] 18 Pa.C.S. §§ 2703.1, 3126(a)(1), and 2709(a)(4), respectively.

at 9. On May 14, 2019, Appellant filed a timely appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for this Court's consideration:

1. Should [Appellant] have been granted a verdict of acquittal, given that the evidence presented at trial failed to prove the elements of the crime charged?

2. Should [Appellant] have been excluded from trial, without being afforded the opportunity to demonstrate that he would behave properly?

3. Should [Appellant] have been allowed to attend his sentencing hearing in person, when more than seven weeks had passed since his disruptive behavior?

Appellant's Brief at 3.

In his first issue, Appellant presents a general challenge to the sufficiency of the evidence. Appellant's Brief at 3. Similarly, in his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant vaguely stated: "This [c]ourt should have entered a directed verdict of acquittal, given that the evidence adduced at trial was insufficient to support a conviction." Pa.R.A.P. 1925(b) Statement, 5/15/19. However, in the argument section of his appellate brief, Appellant asserts that the evidence was insufficient to convict him of the crimes of aggravated harassment by prisoner and/or indecent assault. Appellant's Brief at 8-9.

In *Commonwealth v. Williams*, 959 A.2d 1252 (Pa. Super. 2008), this Court stated, "If [an a]ppellant wants to preserve a claim that the evidence

was insufficient, then the [Pa.R.A.P.] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal." *Id.* at 1257.

In the instant case, we conclude that the specificity required by *Williams* is lacking relative to indecent assault and deem this issue waived. *Id.* However, because the trial court addressed Appellant's challenge to his convictions for aggravated harassment by prisoner,[2] we conclude that our review is not precluded, and we decline to find waiver regarding this aspect of Appellant's first issue. *See Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa. Super. 2016) (declining to find waiver under *Williams* where the trial court addressed the claim of error); *see also Commonwealth v. Smith*, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*) (concluding that a vague Pa.R.A.P. 1925(b) statement does mandate waiver of the claim where the trial court filed an opinion meaningfully addressing the issue).

The standard of review for a challenge to the sufficiency of evidence is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

---

[2] Trial Court Opinion, 6/17/19, at 3.

defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

The crime of aggravated harassment by prisoner is defined as follows:

A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed, intentionally or knowingly causes or attempts to cause **another** to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material.

18 Pa.C.S. § 2703.1 (emphasis added).

Appellant avers that the evidence was insufficient to convict him of aggravated harassment by prisoner because the victims were outside of the prison; he claims the statute was intended only to protect individuals within the prison. Appellant's Brief at 8. In support of his argument, Appellant cites **Commonwealth v. Clark**, 761 A.2d 190 (Pa. Super. 2000). We disagree with Appellant's assertion, and we conclude **Clark** is inapplicable.

In **Clark**, this Court stated, "The purpose of the statute is to protect officers, law enforcement personnel, **or other persons** from harassment as

described in the statute." ***Clark***, 761 A.2d at 193 (emphasis added). One of the issues in ***Clark*** was the location of **the perpetrator**, *i.e.*, does the statute apply only to inmates who are in prison, or does it also apply to individuals who are merely detained in a police holding cell? ***Id.*** at 192. This Court concluded that Section 2703.1 applied to perpetrators who are confined in or committed to any local or county detention facility, jail, prison, or any State penal or correctional facility in Pennsylvania. ***Id.*** at 192-193. However, nothing in ***Clark*** requires **the victim** to be within the confines of a prison, detention facility, or holding area.

We conclude that Section 2703.1 criminalizes a confined or committed person from causing or attempting to cause "another" to come into contact with certain enumerated bodily fluids or materials. 18 Pa.C.S. § 2703.1. The location of the victim is not an element of the crime, and we reject Appellant's restrictive reading of the statute.

As noted, the record reflects that the letters Appellant mailed contained seminal fluid matching Appellant's DNA. N.T., Trial, 3/18/19, at 131. Appellant mailed the letters to two women outside of the prison at a time when Appellant was confined at SCI Huntingdon, and the mailings bore Appellant's name and inmate number. ***Id.*** at 57, 83. Additionally, the letters requested the recipients to lick specific areas on the paper where Appellant had smeared semen. ***Id.*** at 144-145. One of Appellant's letters was returned to the prison, ***id.*** at 44, 91; however, Appellant's attempt to have this letter reach its

intended victim satisfies the elements of the first count of aggravated harassment by prisoner. Moreover, the second letter was mailed to and received by the intended victim. *Id.* at 57. Thus, we conclude that the facts satisfy the elements of the second count of aggravated harassment by prisoner.

In sum, the Commonwealth established that Appellant, while incarcerated, expelled seminal fluid onto sheets of paper, mailed the papers to two victims, and the jury concluded that Appellant intended the victims to come into contact with the seminal fluid because he directed the victims to lick the stained letters. Accordingly, the elements of the crime are satisfied at each count of aggravated harassment by prisoner. *See* 18 Pa.C.S. § 2703.1 ("A [prisoner or detainee] … commits a felony of the third degree if he, while so confined … intentionally or knowingly causes or attempts to cause another to come into contact with … seminal fluid … by … expelling such fluid or material."). We conclude that Appellant is entitled to no relief.

Next, Appellant avers that he should not have been excluded from the trial without being afforded the opportunity to demonstrate good behavior. Appellant's Brief at 9. After review, we conclude that this issue is meritless.

"A criminal defendant has both a rule-based right to be present for trial, Pa.R.Crim.P. 602, as well as a constitutional right. The United States Supreme Court has explained that this right stems from the Confrontation Clause of the Sixth Amendment to the United States Constitution." ***Commonwealth v.***

*Tejada*, 188 A.3d 1288, 1293 (Pa. Super. 2018). "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Id.* (quoting *Illinois v. Allen*, 397 U.S. 337, 338 (1970)). However, the Supreme Court of the United States explained:

> a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings.

*Allen*, 397 U.S. at 343. Therefore, trial judges have the discretion to manage disruptive, contumacious, and stubbornly defiant defendants. *Id.* The Supreme Court of Pennsylvania has similarly held that it is within the trial court's discretion to remove a disruptive defendant from the courtroom. *Commonwealth v. Basemore*, 582 A.2d 861, 867-868 (Pa. 1990).

> In its opinion, the trial court addressed this issue as follows:

> [Appellant] forfeited his right to be present since he had been warned about his disruptive behavior. This Court chose not to reward [Appellant] with a continuance of the trial, as the jury had been selected and the trial was about to begin when [Appellant] chose to engage in his antics. Additionally, [Appellant's] medical condition after he assaulted himself and the counsel table rendered him incapable of participating in the proceedings on that day.

Trial Court Opinion, 6/17/19, at 4-5.

The record reveals that Appellant was warned he would be removed from the courtroom and tried *in absentia* if he continued his disruptive outbursts. N.T., Trial, 3/18/19, at 7. However, Appellant opted to ignore the trial court's admonishment, pounded his head on the counsel table, and rendered himself unconscious. ***Id.*** at 9. Although the United States Supreme Court discussed providing an opportunity for a defendant to correct his behavior and subsequently return to the courtroom, this "opportunity" is not a mandate. ***Allen***, 397 U.S. at 343.

Appellant was removed from the courtroom and returned to the prison during his one-day trial. Appellant caused the circumstances that led to his removal. There is no authority that required the trial court to delay the proceedings when Appellant purposely injured himself, wait for Appellant to regain consciousness and composure, and hope that Appellant could behave during trial, when Appellant had illustrated that he was unwilling to do so. We discern no error or abuse of discretion in the trial court removing Appellant from the courtroom due to Appellant's outrageous and intentionally disruptive behavior.

In his final claim of error, Appellant avers that he should have been permitted to attend his sentencing hearing in person rather than by way of video conference. Appellant's Brief at 11-12. After review, we conclude that Appellant is entitled to no relief.

As discussed above, Appellant was disruptive, removed from the courtroom, tried *in absentia*, and convicted of the aforementioned crimes. After Appellant was found guilty and prior to sentencing, the Commonwealth filed a motion to have Appellant sentenced *via* video conferencing. Motion, 3/22/19. In the motion, the Commonwealth referred the trial court to a psychological evaluation that was conducted following Appellant's removal from the trial and Appellant's disturbing comments recorded therein. *Id.* at ¶¶ 4-5, and attachment. During this evaluation, Appellant relayed, "The next time I go back to court I'm going to snatch the gun from the sheriff and either shoot someone or myself. Someone getting killed. They ain't making me stay here for another 30 years." *Id.* The Commonwealth also cited Pa.R.Crim.P. 602 and noted Appellant's right to be present; however, the Commonwealth asserted that Appellant's behavior and threats were a risk to SCI personnel, court staff, and Appellant himself. *Id.* at ¶¶ 7-11. The Commonwealth concluded that Appellant, through his behavior and threats, continued to waive his right to be physically present at sentencing. *Id.* at ¶ 12. Appellant did not file a counseled response to the Commonwealth's motion.[3] After

---

[3] Despite being represented by counsel, Appellant filed *pro se* motions with the trial court requesting a psychiatric evaluation and a continuance of his sentencing hearing pending a psychiatric evaluation. Motion, 4/12/19; Motion, 4/17/19. We do not consider these filings. ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (hybrid representation is not permitted, and *pro se* documents that are filed while an appellant remains represented are legal nullities).

review, the trial court agreed with the Commonwealth and filed an opinion and order granting the Commonwealth's motion to sentence Appellant *via* video conference. Opinion and Order, 3/25/19.

In his brief, Appellant correctly points out that as a general rule, two-way video communication is not permitted at sentencing because the defendant has the right to be present in the courtroom. Appellant's Brief at 11 (citing Pa.R.Crim.P. 119(A)(5)). However, as discussed in our disposition of Appellant's second issue, a defendant can waive that right by engaging in disruptive behavior. **Tejada**, 188 A.3d at 1293; **see also** Pa.R.Crim.P. 119, Cmt. (noting that the right to be present may be waived).[4] The trial court opined:

> [Appellant's] final argument is that he should have been permitted to participate in the Sentencing in person rather than by video. Based on the incident at trial, the [c]ourt made a determination that [Appellant] could not be trusted to refrain from detrimental and extreme conduct if he was brought to the courthouse. As such, it was appropriate to proceed by video.

Trial Court Opinion, 6/17/19, at 5.

After review, we discern no abuse of discretion in the trial court's ruling. Appellant's continued disruptive behavior constituted a waiver of his right to

---

[4] The Comment to Pa.R.Crim.P. 119 provides, in relevant part, as follows: "Nothing in this rule is intended to limit any right of a defendant to waive his or her presence at a criminal proceeding in the same manner as the defendant may waive other rights. *See, e.g.*, Rule 602 Comment." The Comment to Pa.R.Crim.P. 602 cites **Illinois v. Allen**, 397 U.S. 337, 338 (1970), and explains that a defendant can waive his right to be present if his behavior is disruptive.

be present, and the Commonwealth's unrebutted assertion that Appellant remained a risk to himself and others supported the trial court's decision to sentence Appellant *via* video conference.

For the reasons set forth above, we conclude that Appellant is entitled to no relief.  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2019