COMMONWEALTH of Pennsylvania,
Appellant,

v.

Michael MASTERS, Appellee.

Superior Court of Pennsylvania.

Submitted May 5, 1999.

Filed July 22, 1999.

Reargument Denied Oct. 1, 1999.

A. Sheldon Kovach, Asst. Dist. Atty., Media, for Com., appellant.

William P. Wismer, Media, for appellee.

Before HUDOCK, JOYCE and MUSMANNO, JJ.

JOYCE, J.:

¶ 1 The Commonwealth appeals to this Court from the order granting Appellee's, Michael Masters', motion to suppress. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion. The relevant facts and procedural history of this case are as follows.

¶ 2 On December 14, 1997, at approximately 1:30 a.m., Appellee's vehicle was stopped after Officer Francis Mercandante observed him driving at an excessive speed and repeatedly changing lanes despite the absence of other traffic. Upon approaching the vehicle, Officer Mercandante smelled the odor of alcohol emanating from Appellee's breath, and further observed that Appellee had bloodshot and glassy eyes and slurred his speech. Appellee exited his vehicle with slow and staggered movements. Upon failing the administered field sobriety tests, Appellee was arrested for driving under influence of alcohol,[1] and additionally cited for the summary violations of operation of vehicle without certificate of inspection,[2] driving on roadways laned for traffic,[3] and obedience of traffic-control devices.[4] Appellee was transported to the hospital, where a blood test was taken resulting in a blood alcohol level of .216.

¶ 3 A suppression hearing was held on June 15, 1998. On September 8, 1998, the motion was granted based upon a finding that 75 Pa.C.S.A. § 3111(a) was not violated where the police officer failed to time Appellee's vehicle for 3/10 of a mile, as required pursuant to 75 Pa.C.S.A. § 3368(a). Furthermore, the court determined that the offense of driving on roadways laned for traffic was not proven where there was no indication that the lane changes were made unsafely. Thus, the court determined that because the summary violations were not established,

the police officer did not stop the vehicle upon the requisite reasonable suspicion, warranting suppression of the evidence obtained as a result of the stop. This timely appeal followed.

¶ 4 The sole issue raised for our review is whether the trial court erred in suppressing the evidence based on its determination that the requirements of 75 Pa.C.S.A. § 3111(a) and 75 Pa.C.S.A. § 3309(1) were not established to justify the stop.

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Nester*, 551 Pa. 157, 160, 709 A.2d 879, 880–881 (1998).

¶ 5 In granting Appellee's suppression motion, the trial court determined that compliance with the requirements of 75 Pa.C.S.A. § 3368(a), which requires timing of a vehicle for 3/10 of a mile, must be met before the offense defined in 75 Pa. C.S.A. § 3111(a) is established. This is in situations where the traffic control device at issue relates to the posted speed limit. We must agree. In relevant part, the statute provides as follows

**§ 3111. Obedience to traffic-control devices**

(a) **General rule.**—Unless otherwise directed by a uniformed police officer or any appropriately attired person autho-

---

**1.** 75 Pa.C.S.A. § 3731(a)(1) and (4).

**2.** 75 Pa.C.S.A. § 4703.

**3.** 75 Pa.C.S.A. § 3309(1).

**4.** 75 Pa.C.S.A. § 3111(a).

rized to direct, control or regulate traffic, the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title, subject to the privileges granted the driver of an authorized emergency vehicle in this title.

75 Pa.C.S.A. § 3111(a). Our research has yielded no case law on this precise issue. Accordingly, we are faced with a case of first impression.

¶ 6 As we begin our analysis, we are mindful of the principles governing statutory construction. Specifically, our object is to ascertain and effectuate the intention of the General Assembly. 1 Pa. C.S.A. § 1921(a). When the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning. 1 Pa.C.S.A. § 1921(b); *Commonwealth v. Burnsworth*, 543 Pa. 18, 24, 669 A.2d 883, 886 (1995). In attempting to ascertain the meaning of a statute, we must consider the intent of the legislature and examine the practical consequences of a particular interpretation. *Commonwealth v. Davis*, 421 Pa.Super. 454, 618 A.2d 426, 428 (1992), *appeal denied*, 535 Pa. 630, 631 A.2d 1004 (1993). We presume the legislature did not intend a result that is absurd and unreasonable. *Id.* In construing legislative intent, the Court may look to the occasion and necessity of a statute, the circumstances in which it was intended, the mischief to be remedied, the object to be attained by the law, former law on the same subject and the consequences of a particular interpretation. *Id.*

¶ 7 The rules of statutory construction compel us to find that the requirements of section 3368 must be met before a violation of section 3111 may be sustained. If two sections of a statute relate to the same subject matter, those sections must be construed consistently. 1 Pa. C.S.A. § 1932.[5] To the extent that a defendant can be prosecuted for exceeding a maximum speed limit under section 3111 of the Motor Vehicle Code, that section and section 3362 relate to the same subject matter. To establish a violation of section 3362, evidence of the use of a speed timing device as specified in section 3368 must be presented. *Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989) (*en banc*). Therefore, to construe sections 3362 and 3111 consistently, we must find evidence of the use of a speed timing device should also be required to establish a violation of section 3111. Thus, the trial court did not err in its finding.

¶ 8 We do not end our inquiry on that determination. The Commonwealth similarly contends that the requirements of 75 Pa.C.S.A. § 3309(1) have been met; and that the trial court erred in suppressing the evidence based on a finding to the contrary. In relevant part, the statute states

**(1) Driving within single lane.**—A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S.A. § 3309(1). Officer Francis Mercandante observed Appellee's vehicle weaving from left to right continually. N.T. Suppression Hearing, 6/15/98, at 11. The officer testified that Appellee's vehicle crossed the dividing line between lanes on a continuous basis. *Id.* There were no other vehicles on the road at the time. *Id.*

¶ 9 Based on these factors, we would agree that there was insufficient evidence that the statute was violated. This is due to the lack of any safety haz-

---

5. 1 Pa.C.S.A. § 1932 provides as follows:
   (a) Statutes or parts of statutes are *in pari materia* when they relate to the same persons or things or to the same class of persons or things.

   (b) Statutes *in pari materia* shall be construed together, if possible, as one statute.

ards posed by Appellee's conduct. However, we cannot conclude that the repeated lane changes, absent other traffic concerns, did not warrant the stop in this case. *See Commonwealth v. Montini,* 712 A.2d 761 (Pa.Super.1998) (finding that erratic driving supports reasonable suspicion to stop a vehicle for a motor vehicle code violation). At the very least, the police officer properly stopped the vehicle out of concern for Appellee's own safety based on his erratic driving. Therefore, the trial court erred when it suppressed the evidence.

¶ 10 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.