## Commonwealth v. Wilkins

*Craig W. Stedman, district attorney,* for Commonwealth.

*Barry Goldman,* for defendant.

KNISELY, *J.,* May 14, 2009—Eric D. Wilkins has appealed to the Superior Court of Pennsylvania from the January 30, 2009 order denying motion for suppression and judgment of sentence imposed on March 26, 2009. This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. In his appeal, appellant contends that his vehicle was illegally stopped and the court should have suppressed evidence flowing from the stop. Specifically, appellant argues that the arresting police officer illegally stopped his vehicle because she failed to use her speedometer as speed timing device in accordance with 75 Pa. C.S. §3368.

## BACKGROUND

On May 1, 2007, Officer Tatara, a Manor Township police officer, was on a side street waiting to turn left onto Millersville Road when she saw appellant's vehicle traveling northbound on Millersville Road at what appeared to be a high rate of speed; the speed limit on that stretch of road is 35 miles per hour. The officer pulled

out and followed the vehicle for approximately one-half mile. Using the police vehicle's speedometer, the officer determined appellant's speed to be approximately 54 miles per hour, at which point she initiated a stop on appellant's vehicle. Upon making contact with appellant, Officer Tatara smelled a strong odor of alcohol coming from appellant and his vehicle. The officer asked appellant if he had been drinking and he answered that he had. He agreed to a preliminary breath test, which showed positive for alcohol. Appellant then failed two field sobriety tests. He was arrested and subsequently charged under Information 4132-2007 with two counts of driving under the influence of alcohol[1] and one count of failure to obey traffic control devices.[2]

On October 22, 2008, appellant filed a pretrial suppression motion alleging, in relevant part, that he was detained without sufficient reasonable suspicion or probable cause. The suppression hearing was held on January 29, 2009. On the same day, appellant filed another suppression motion and accompanying memorandum of law. He argued that controlling case law required suppression in the instant case. At the suppression hearing, the preliminary hearing transcript was admitted into evidence and made part of the record. This court denied appellant's motion by order of January 30, 2009. On March 26, 2009, appellant proceeded to a stipulated bench trial wherein he stipulated to certain facts including the arresting officer's testimony from the preliminary hearing. (N.T. trial and sentencing, 3/26/09, at 2-5). This court found

---

1. 75 Pa.C.S. §3802(a), (b).
2. 75 Pa.C.S. §3111.

appellant guilty of one count of driving under the influence, general impairment, and not guilty of the remaining two counts. He was sentenced to five days to six months in the Lancaster County Prison. His timely appeal followed.

## DISCUSSION

Appellant argues that this court erred in denying suppression where the police officer failed to time his vehicle for 3/10 of a mile, pursuant to 75 Pa. C.S. §3368(a), and stopped his vehicle for a speeding violation under 75 Pa.C.S. §3111. He averred that *Commonwealth v. Whitmyer,* 542 Pa. 545, 668 A.2d 1113 (1995), and *Commonwealth v. Masters,* 737 A.2d 1229 (Pa. Super. 1999), control the initial stop of vehicles and require suppression of evidence in the instant case where officer did not use the speed timing device in accordance with 75 Pa.C.S. §3368 (requiring distance for vehicle timed by police officer's speedometer no less than three-tenths of a mile). Defendant's memorandum of law in support of his motion to suppress at 6-7. The Commonwealth responded that *Whitmyer* and *Masters* are irrelevant to the instant case. Commonwealth's response to defendant's motion at 2. The Commonwealth discussed the 2004 amendment of 75 Pa.C.S. §6308(b) (establishing reasonable suspicion as the standard for a vehicle stop) and argued that the cases defendant cited did not address the reasonable suspicion standard. This court agrees.

The cases cited by appellant were decided prior to the 2003 amendment of section 6308 when probable cause was the standard. Our Superior Court has acknowledged that the heightened probable cause standard of *Whit-*

*myer* has been superseded by statutory amendment. *Commonwealth v. Fulton*, 921 A.2d 1239, 1240 n.2 (Pa. Super. 2007); see also, *Commonwealth v. Ulman*, 902 A.2d 514, 518 (Pa. Super. 2006). This court's review finds no case law addressing the *Masters*[3] holding in light of the amended standard; however, as the current "reasonable suspicion" standard was not in effect when *Masters* was decided, this court finds *Masters* not controlling to the instant case.

The authority of a police officer to stop a vehicle for a suspected vehicle code violation is governed by 75 Pa.C.S. §6308(b). *Commonwealth v. Cook*, 865 A.2d 869, 873 (Pa. Super. 2004). This section was amended in 2003

---

3. Of note, the *Masters* court used the term "reasonable suspicion" in its procedural history: "the court determined that because the summary violations were not established, the police officer did not stop the vehicle upon the requisite reasonable suspicion, warranting suppression of the evidence obtained as a result of the stop." *Masters*, 737 A.2d at 1230. Although reasonable suspicion is used, this court believes the term was used interchangeably with probable cause and its equivalent, articulable and reasonable grounds, as the later terms were the requisite standard for a vehicle stop at the time *Masters* was decided. Also, the *Masters* court did not specifically address the police officer's authority to stop a vehicle under section 6308. Rather, the *Masters* court determined suppression was not error based on its finding the requirements of section 3368, speed timing devices, not met; thus, a violation of section 3111, obedience to traffic control devices, could not be sustained. *Id.* at 1231. The holding seemingly equated the validity of the stop with the sustainability of a violation; however, such reasoning did not contemplate the lowered standard required to conduct a vehicle stop. See *Martin v. PennDOT*, 588 Pa. 429, 449, 905 A.2d 438, 450 (2006) (Eakin, J. concurring) (noting validity of stop never evaluated by ultimate conviction). Accordingly, *Masters* is not controlling in the present matter.

to lower the "quantum of cause an officer must possess from 'articulable and reasonable grounds' to 'reasonable suspicion.'" *Id.* at n.1. Under the previous version, "articulable and reasonable grounds" was equivalent to probable cause. *Commonwealth v. Fulton,* 921 A.2d 1239, 1240 n.2 (Pa. Super. 2007). The current version of the statute, which applies to this case, states:

"*(b) Authority of police officer.*—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has *reasonable suspicion* that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. §6308(b). (emphasis added)

Our Superior Court explained what is required under a "reasonable suspicion" standard:

"Under this standard, before an officer conducts an investigative detention, he or she must reasonably suspect that the individual is engaging in criminal conduct. *Commonwealth v. Rogers,* 578 Pa. 127, 849 A.2d 1185 (2004). On the other hand, 'reasonable suspicion' does not require that the activity in question is unquestionably criminal before an officer may investigate further. *Id.* at 1189. Courts are to give due weight to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his or her experience. *Commonwealth v. Cook,* 558 Pa. 50, 735 A.2d 673, 676 (1999)." *Ulman,* 902 A.2d at 518.

Courts must consider the totality of the circumstances to determine whether an officer had reasonable suspicion. *Fulton,* 921 A.2d at 1243.

Here, Officer Tatara was waiting to turn left onto Millersville Road at 1:55 a.m. when she observed a vehicle traveling on Millersville Road at a "high rate of speed." N.T. preliminary hearing, 8/29/07, at 7. She made this assessment based on her seven years of experience as well as her familiarity with the road, which she traveled most of her shift, every night. *Id.* at 10. She believed appellant's vehicle was exceeding the posted speed limit of 35 mph. *Id.* at 13-14. She pulled out directly behind the vehicle, caught up to it, and followed it for approximately one-half mile. *Id.* She determined appellant was traveling 54 miles per hour using her speedometer and initiated a stop of the vehicle. *Id.* at 11. Based on her experience and observations, Officer Tatara reasonably concluded that a violation of the Motor Vehicle Code (MVA) was being committed. This reasonable suspicion is not sufficient under 75 Pa.C.S. §3111 for a conviction on the obedience to traffic control devices charge; however, that a conviction could not be sustained does not mean that Officer Tatara, under the circumstances to which she testified, did not reasonably believe that defendant was traveling at a "high rate of speed" in excess of the posted 35 mph speed limit and in violation of the MVA.

Accordingly, this court determined the stop was valid since it was based on reasonable suspicion. Denial of the suppression motion and judgment of sentence should be affirmed and appellant's appeal denied.