J-A12003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY R. BOWERS, | |
| Appellant | No. 1200 MDA 2014 |

Appeal from the Judgment of Sentence June 9, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-SA-0000009-2014

BEFORE:  BOWES, DONOHUE AND ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 07, 2015**

Anthony R. Bowers appeals from the judgment of sentence of a $150 fine and the imposition of the costs of prosecution after the court found him guilty of violating 75 Pa.C.S. § 3111(a), Obedience to Traffic Control Devices.  We vacate the judgment of sentence to the extent it ordered Appellant to pay the costs of prosecution, but affirm in all other respects.

On November 10, 2013, at approximately 12:46 p.m., Pennsylvania State Trooper David Duddy observed Appellant driving eastbound on State Route 22/322 in Perry County.  Officer Duddy was running a stationary radar patrol and operating a radar device, which indicated that Appellant was driving 76 miles per hour ("mph").  The posted speed limit in the area was 55 mph.  Officer Duddy activated his lights and effectuated a traffic stop.

The officer then issued a citation for failing to obey a traffic control device, 75 Pa.C.S. § 3111. Appellant appeared before the magisterial district justice for a summary trial on February 11, 2014. The district justice found him guilty and imposed a fine of $25. Appellant filed a timely appeal to the Court of Common Pleas. Thereafter, the court conducted a *de novo* trial. Appellant, who is an attorney, represented himself.

Prior to the trial, Appellant made an oral motion that the citation be dismissed for violating Pa.R.Crim.P. 109. That rule provides,

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109.

Appellant argued that the citation did not comply with Pa.R.Crim.P. 403,[1] and was insufficient on its face because it did not alert him of the

---

[1] Rule 403 provides,

(A) Every citation shall contain:

(1) the name and address of the organization, and badge number, if any, of the law enforcement officer;

(2) the name and address of the defendant;

*(Footnote Continued Next Page)*

- 2 -

(3) a notation if the defendant is under 18 years of age and whether the parents or guardians have been notified of the charge(s);

(4) the date and time when the offense is alleged to have been committed, provided however, if the day of the week is an essential element of the offense charged, such day must be specifically set forth;

(5) the place where the offense is alleged to have been committed;

(6) a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

(7) the date of issuance;

(8) a notation if criminal laboratory services are requested in the case;

(9) a verification by the law enforcement officer that the facts set forth in the citation are true and correct to the officer's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

(B) The copy delivered to the defendant shall also contain a notice to the defendant:

(1) that the original copy of the citation will be filed before the issuing authority of the magisterial district designated in the citation, the address and number of which shall be contained in the citation; and

(2) that the defendant shall, within 10 days after issuance of the citation:

*(Footnote Continued Next Page)*

*(Footnote Continued)* —————————

(a) plead not guilty by:

(i) notifying the proper issuing authority in writing of the plea and forwarding as collateral for appearance at trial an amount equal to the fine and costs specified in the citation, plus any additional fee required by law. If the amount is not specified, the defendant shall forward the sum of $50 as collateral for appearance at trial; or

(ii) appearing before the proper issuing authority, entering the plea, and depositing such collateral for appearance at trial as the issuing authority shall require. If the defendant cannot afford to pay the collateral specified in the citation or the $50, the defendant must appear before the issuing authority to enter a plea; or

(b) plead guilty by:

(i) notifying the proper issuing authority in writing of the plea and forwarding an amount equal to the fine and costs when specified in the statute or ordinance, the amount of which shall be set forth in the citation; or

(ii) appearing before the proper issuing authority for the entry of the plea and imposition of sentence, when the fine and costs are not specified in the citation or when required to appear pursuant to Rules 409(B)(3), 414(B)(3), or 424(B)(3); or

(c) appear before the proper issuing authority to request consideration for inclusion in an accelerated rehabilitative disposition program;

(3) that all checks forwarded for the fine and costs or for collateral shall be made payable to the magisterial district number set forth on the citation;

(4) that failure to respond to the citation as provided above within the time specified:

*(Footnote Continued Next Page)*

charge so that he could prepare an adequate defense. Specifically, he contended that the citation did not apprise him of the "traffic control device [he] was alleged to have violated." N.T., 6/9/14, at 5. The court overruled the objection and the matter proceeded.

Trooper Duddy related the aforementioned facts. In addition, he indicated that he gave Appellant a break by issuing the citation at issue rather than giving him a speeding ticket. He averred that Appellant was cited for ignoring two posted 55 mph speed limit signs within one mile of the trooper's location.[2] The trooper also testified that the radar device he used was certified, and the Commonwealth introduced an official certificate of

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

> (a) shall result in the issuance of a summons when a violation of an ordinance or any parking offense is charged, or when the defendant is under 18 years of age, and in all other cases shall result in the issuance of a warrant for the arrest of the defendant; and
>
> (b) shall result in the suspension of the defendant's driver's license when a violation of the Vehicle Code is charged;
>
> (5) that failure to indicate a plea when forwarding an amount equal to the fine and costs specified on the citation shall result in a guilty plea being recorded; and
>
> (6) that, if the defendant is convicted or has pleaded guilty, the defendant may appeal within 30 days for a trial *de novo*.

Pa.R.Crim.P. 403.

[2] There were four signs; however, two were on the opposite side of the roadway.

- 5 -

accuracy for the unit. The court took judicial notice based on the Pennsylvania Bulletin that the facility that tested the device was approved by the Commonwealth for such testing. Trooper Duddy further related that he calibrated the device himself that day and utilized a tuning fork test to ensure the radar device was accurate. Appellant objected to the testimony regarding the testing of the device as irrelevant and maintained that since he was not provided the certificate of accuracy information before the trial *de novo*, he could not adequately cross-examine the trooper. The court overruled the objection.

During cross-examination, Trooper Duddy acknowledged that a box on the citation for "speed detection type" and "equipment used" and the device's serial number was left blank. He also admitted that in the form's box denoting the nature of offense, where he set forth that the offense was for failing to obey a traffic control device, he did not specify what the device was, nor did he write within the citation what traffic device was not followed.

The court found Appellant guilty and imposed a fine and costs. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored a Rule 1925(a) opinion. The matter is now ready for this Court's review. Appellant presents four issues for our consideration.

1. Should the citation at issue have been dismissed pursuant to Pennsylvania Rule of Criminal Procedure Rule 109 upon timely motion of the Defendant due to a failure to comply with Pennsylvania Rule of Criminal Procedure Rule 403?

2. Was testimony concerning a speed timing device admissible over the Defendant's objection concerning foundation and relevance?

3. Did the Commonwealth sustain the burden of proving a violation of obedience to traffic control devices?

4. Was the sentence imposed by the trial court an illegal sentence?

Appellant's brief at 5.

Appellant's initial claim is that the charges should have been dismissed because the citation was prejudicially defective since it did not comply with Rule 403. Appellant argues that the citation did not contain "a summary of the facts sufficient to advise the defendant of the nature of the offense charged." Appellant's brief at 20 (quoting Pa.R.Crim.P. 403(A)(6)) (emphasis removed). He submits that the officer's failure to include in the citation the applicable traffic-control device rendered the description of the offense insufficient.

Continuing, Appellant points out that the citation provides a number of boxes where an officer can include information, but that the citation only stated that he failed to obey the instructions of an applicable official traffic-control device. According to Appellant, absent reference to the speed limit sign he was alleged to have ignored, he was not informed of the elements of

the offense. Thus, Appellant contends that this absence of notice rendered the citation prejudicially defective.

Additionally, Appellant asserts that the failure to specify which speed limit sign he violated deprived him "of any opportunity to determine, at a point in time temporally close to the offense, whether the device was an 'official device,' whether such device was 'in proper position,' and whether such device was 'sufficiently legible to be seen by an ordinarily prudent person.'" Appellant's brief at 33. He acknowledges that the statute in question provides that speed limit signs are presumptively properly placed, but maintains that the defects in the citation prevented him from rebutting those presumptions.

Similarly, Appellant avers that the lack of information in the citation prevented him from having the opportunity for meaningful cross-examination of the officer. Appellant asserts that "omitting any identification of the traffic-control device alleged to have been violated from the citation until testimony occurred at the hearing," resulted in a "trial by surprise." Appellant's brief at 35. He also sets forth that because the Commonwealth attempted to shoe horn a speeding charge, he was unable to "investigate or evaluate the veracity of the testimony given by the sole testifying witness, test the validity of the evidence presented, or otherwise prepare a defense[.]" *Id*. Finally, although the speed of the vehicle the accused is driving is necessary when charged with disobeying a speed limit sign,

Appellant maintains that the Commonwealth was impermissibly permitted a *de facto* amendment of his citation to a speeding charge outside the statute of limitations.

The Commonwealth counters that the citation was not defective and alternatively argues that any defect in the citation was not prejudicial. First, the Commonwealth posits that "there is no legal requirement that the citation contain [the posted speed limit sign as the device at issue] because of the presumption contained in 75 Pa.C.S. § 3111, which was cited with particularity in the citation." Commonwealth's brief at 2. It maintains that § 3111(c) and (d) provided a presumption that speed limit signs are lawfully placed and proper. The Commonwealth highlights that Appellant has been unable to marshal any case that supports his specific position.

Additionally, the Commonwealth submits that Appellant has failed to establish any prejudice. It asserts that Appellant "failed to articulate any specific facts which would have altered the outcome." Commonwealth's brief at 3. The Commonwealth adds that a citation for failing to obey a traffic device is not required to advise him of his speed, but evidence of his speed can still be properly introduced at trial. ***See Commonwealth v. Masters***, 737 A.2d 1229, 1231 (Pa.Super. 1999). Further, the Commonwealth argues that Appellant knew the nature of the offense.

We find Appellant is entitled to no relief. Here, the officer testified that he advised Appellant of his violation after he pulled him over. Appellant did

not claim that he was not the driver and he knew where he was stopped. The citation specifically referred to the failure to obey a traffic device, which includes posted speed limit signs. Appellant was on notice, based on the posted signs, of the speed limit. He does not dispute that these signs existed and did not argue before the trial court nor present evidence below that they were not properly placed and visible.

To the extent Appellant claims that the information in the citation precluded him from researching or investigating such a defense, his position is untenable. The statute itself references to posted signs. The citation indicates where Appellant was stopped and what direction he was traveling. It further sets forth that he failed to obey a traffic control device. This information is sufficient to apprise the individual of what and where his violation occurred. Appellant's position that he could not have investigated the signs is specious.

Based on the posted signs, the stop, and the citation that indicated he failed to obey a traffic device, Appellant was sufficiently on notice for purposes of trial that he was driving in excess of posted speed limit signs, *i.e.*, the traffic devices in question. Appellant's claim that he suffered prejudice in his ability to prepare a defense is devoid of merit. Moreover, because the Commonwealth must show that the person violated a traffic control device, in this case speed limit signs, it did not engage in any *de*

*facto* amendment of the citation by introducing evidence of Appellant's driving speed.

We next address Appellant's third issue as it relates to the sufficiency of the evidence because it would warrant discharge. Our standard and scope of review in examining a sufficiency claim are well ensconced. We consider "all of the evidence admitted, even improperly-admitted evidence." ***Commonwealth v. Haynes***, 2015 WL 1814017, *15 (Pa.Super. 2015). In evaluating the evidence, we view it "in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth." ***Id***. So long as evidence exists to permit the fact-finder to find each element of the crime charged beyond a reasonable doubt, the claim will fail. ***Id***.

Only "[w]here 'the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances,'" is a defendant entitled to relief. ***Id***. "The evidence 'need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.' In addition, the Commonwealth can prove its case by circumstantial evidence." ***Id***. Finally, we do not reweigh the evidence and substitute our own judgment in place of the fact-finder. ***Id***.

Appellant argues that because the evidence regarding his speed was improperly admitted, insufficient evidence was introduced to show that he

drove in excess of the speed limit sign. However, in considering a sufficiency claim, this Court reviews all evidence admitted, including improperly admitted evidence. **See Haynes**, **supra**. Since the officer testified that Appellant was driving 76 mph and there were 55 mph speed limit signs posted, the court was free to credit that testimony. These facts establish that Appellant disregarded the speed limit signs.

Having concluded that sufficient evidence was introduced to establish the elements of the offense, we now return to Appellant's second claim. Appellant asserts that the testimony regarding the radar gun and his speed was irrelevant. This position is frivolous. "Evidence is relevant if: . . . . (b) the fact is of consequence in determining the action." Pa.R.E. 401. In order to prove that Appellant violated a posted speed limit sign it was necessary to establish his speed. Evidence regarding the speed timing device, its accuracy, and the speed it recorded Appellant traveling was highly relevant and admissible.

Appellant's final issue relates to the legality of his sentence. The parties are in agreement that Appellant was illegally ordered to pay costs. Indeed, 75 Pa.C.S. § 3111(a.1) directs that no costs are to be imposed upon a conviction for Appellant's offense. As the court erred in imposing these costs, we vacate that aspect of the judgment of sentence and remand to the trial court to modify its order.

Judgment of sentence vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015