J-S30045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN MONROE MOHLER | |
| Appellant | No. 3499 EDA 2014 |

Appeal from the Judgment of Sentence November 14, 2014
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004290-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 14, 2015**

Appellant John Monroe Mohler appeals from the judgment of sentence entered in the Chester County Court of Common Pleas following his bench trial conviction for driving under the influence of alcohol (highest rate, second offense) ("DUI").[1]  We affirm.

On September 20, 2013, Pennsylvania State Police Trooper Adam Dickinson observed Appellant's vehicle nearly cause an accident while turning abruptly out of a parking lot and across a lane of traffic.  Trooper Dickinson followed Appellant and, over the course of two miles, witnessed Appellant's vehicle drive in a fashion that caused the trooper to pull Appellant over to investigate whether he was intoxicated.  Seeing sufficient

---

[1] 75 Pa.C.S. § 3802(c).

indicia of intoxication, Trooper Dickinson ultimately arrested Appellant for DUI and related offenses.[2]

On April 25, 2014, Appellant filed an omnibus pretrial motion seeking suppression of evidence from the traffic stop. The trial court conducted a hearing on June 19, 2014, and denied the suppression motion on August 11, 2014.

On November 14, 2014, following a stipulated non-jury trial, the trial court convicted Appellant of DUI. On the same date, the trial court sentenced Appellant to 15 days' incarceration followed by 2 years of County Intermediate Punishment, with the first 75 days to be served on electronic home monitoring.

Appellant filed a timely notice of appeal on November 26, 2014. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

1. Whether the [t]rial [c]ourt erred by not suppressing evidence gained by the [t]rooper after making a motor vehicle stop. Specifically, the trial court erred by finding that the [t]rooper possessed probable cause to effectuate a motor vehicle stop and that he also possessed reasonable suspicion to believe that [Appellant] was driving intoxicated.

_____

[2] Police also charged Appellant with multiple summary violations: disregarding traffic lane, 75 Pa.C.S. § 3309, failure to yield entering or crossing roadway, 75 Pa.C.S. § 3324, turning movements and required signals, 75 Pa.C.S. § 3334, careless driving, 75 Pa.C.S. § 3714, and failure to wear seatbelt, 75 Pa.C.S. § 4581. The Commonwealth withdrew the summary charges and proceeded only on the DUI charge at trial.

Appellant's Brief, p. 4.

Appellant claims that the trial court erred in determining the trooper possessed probable cause to pull him over. Appellant argues that, because triggering the emergency lights of the police vehicle would have engaged the motor vehicle recorder ("MVR") in the trooper's car, the fact that the MVR did not record Appellant's driving means his driving must not have warranted a motor vehicle violation, and thus the trooper did not have the requisite suspicion to pull him over. *See* Appellant's Brief, pp. 7-8. Appellant further avers that the indications of intoxication the MVR recorded "are suspect at best[,]" and concludes he is entitled to a new trial. *Id.* at 8. We disagree.

> Regarding vehicle stops, the Vehicle Code provides as follows:
>
> **Authority of police officer.--**Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b).

"The threshold justification for a vehicle stop is reasonable suspicion." *Commonwealth v. Hendricks*, 927 A.2d 289, 290 (Pa.Super.2007) (citing *Commonwealth v. Little*, 903 A.2d 1269, 1272 (Pa.Super.2006)). The police may stop a motorist on reasonable suspicion of DUI. 75 Pa.C.S. §

- 3 -

6308(b); ***Commonwealth v. Chase***, 960 A.2d 108, 116 (Pa.2008) ("Extensive case law supports the conclusion [that] a vehicle stop for DUI may be based on reasonable suspicion, as a post-stop investigation is normally feasible."); ***Commonwealth v. Sands***, 887 A.2d 261, 270 (Pa.Super.2005) ("a suspected violation for DUI is in fact a scenario where further investigation almost invariably leads to the most incriminating type of evidence . . . This type of evidence can only be obtained by a stop and investigation[]"). "In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. In making this determination, [a court] must give due weight . . . to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." ***Commonwealth v. Hilliar***, 943 A.2d 984, 990 (Pa.Super.2008) (quoting ***Commonwealth v. Smith***, 917 A.2d 848 (Pa.Super.2007)). "[T]he totality of the circumstances test does not limit [an] inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." ***Id.*** Further, our Supreme Court has stated, "when the existence of reasonable suspicion combines with the expectation that the stop will allow light to be shed on the relevant matters, the stop is not unconstitutional." ***Chase***, 960 A.2d at 115.

This Court has ruled that erratic driving alone can impart a reasonable suspicion of DUI. In ***Commonwealth v. Hughes***, police followed the

defendant on a limited access highway and observed the defendant's vehicle swerve from the right northbound lane onto the right-hand berm, back into the right lane, and then into the left-hand lane of northbound traffic. 908 A.2d 924, 926 (Pa.Super.2006). The police observed the defendant swerve two more times into the left-hand lane while following the defendant for the next one-half to three-quarters of a mile. *Id.* This Court ruled that, based upon these observations, the police had sufficient reasonable suspicion to stop and detain the defendant for DUI. *Id.* at 927. *See also Commonwealth v. Sands*, *supra*, (reasonable suspicion to stop vehicle for DUI existed where, in the early morning hours, police observed vehicle drift across a roadway fog line and then slowly drift back into lane); *Commonwealth v. Masters*, 737 A.2d 1229, 1232 (Pa.Super.1999) (reasonable suspicion to conduct traffic stop existed where defendant's erratic driving raised police concerns about the safety of the driver, even where the driver's conduct did not endanger other motorists).

The trial court summarized the suppression hearing testimony and its determination thereon as follows:

> Upon consideration of the testimony provided by Commonwealth witness [] Trooper Dickinson, who has six years of experience and approximately forty-five (45) DUI-related vehicle stops, and the MVR video admitted as Commonwealth Exhibit #1 at the pretrial hearing held on June 19, 2014, the [c]ourt accepts the material facts testified to by Trooper Dickinson as its factual findings. The testimony established that, as Trooper Dickinson was traveling westbound on Business Route 30 ("Lancaster Ave.") in an area west of Route 340, Caln Township, on routine patrol in a marked patrol car, he observed

- 5 -

[Appellant's] vehicle, described as a blue Cadillac, abruptly make a left turn out of a parking lot on the north side of Lancaster Ave. without signaling, in order to head eastbound on Lancaster Ave., traveling across the path of a westbound pickup truck at such close proximity as to create a hazard. The trooper testified that the truck driver applied his brakes in response to the maneuvers of [Appellant's] vehicle; however, there were no skid marks left on the roadway and no accident resulted. Trooper Dickinson made a U-turn and began following [Appellant's] vehicle in order to investigate further by observation. Trooper Dickinson followed [Appellant's] vehicle for approximately two miles before actuating a vehicle stop. The trooper testified that, over the course of those two miles, [Appellant's] vehicle travelled over the yellow dividing line, nearly into a turning lane to the left of [Appellant's] lane of travel, as well as travelling to the right side of his travel lane, nearly striking a guardrail and curb several times. These observations led the trooper to manually engage his MVR device and to continue following [Appellant's] vehicle for investigative purposes, before pulling [Appellant] over to check his license and registration, and to investigate whether [Appellant] was intoxicated.

We conclude that Trooper Dickinson, based upon his direct observation of [Appellant's] driving, had probable cause to believe a number of Vehicle Code violations had occurred in his presence (*i.e.* [Appellant's] vehicle turning without signaling, entering a roadway from a parking lot without yielding to oncoming traffic, and travelling outside his lined lane), and had reasonable suspicion to believe that [Appellant] was driving his vehicle while intoxicated, which provided the foundation for a lawful vehicle stop and further investigation by the trooper. Additionally, the trooper has articulated specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot. Considering the totality of the circumstances, he therefore had the authority to stop [Appellant's] vehicle under the provisions of 75 Pa.C.S. § 6308(b).

Subsequent to the authorized vehicle stop, Trooper Dickinson was justified in conducting further investigation by questioning [Appellant] and asking him to perform field sobriety tests, based on direct observations made by the trooper at the time of the stop, and the totality of the circumstances, which led him to reasonably suspect that [Appellant] might be under the

influence of alcohol while operating his vehicle, such as the smell of alcohol emanating from [Appellant's] breath and person, [Appellant's] ostensible confusion while speaking with the trooper, and [Appellant's] difficulty in performing field sobriety tests. After noting multiple indicia of intoxication in [Appellant's] demeanor, Trooper Dickinson effected a lawful arrest of [Appellant] based upon the probable cause that [Appellant] had been operating his vehicle while under the influence of alcohol. Therefore, the [c]ourt must deny [Appellant's] Omnibus Pretrial Motion (Motion to Suppress Physical Evidence).

Trial Court's August 11, 2014 Order,[3] pp. 2-3 n.1.

The trial court properly determined that the trooper needed only reasonable suspicion to stop Appellant and conduct further investigation into whether he was driving while intoxicated. The trial court further properly determined that the trooper's observations of Appellant's vehicle provided the requisite reasonable suspicion. The trooper observed Appellant abruptly make a left turn out of a parking lot on the north side of Lancaster Ave. without signaling, cutting across a lane of traffic and nearly causing an accident. Thereafter, the trooper observed Appellant for two miles, during which time Appellant's vehicle travelled left over the yellow dividing line, nearly into the oncoming lane of traffic, and also travelled so far to the right of his lane of traffic as to nearly strike a guardrail and curb several times. These observations provided Trooper Dickinson with (1) reasonable

---

[3] The trial court submitted a brief Pa.R.A.P. 1925(a) opinion that referenced and attached the court's August 11, 2014 order in which it explained its denial of Appellant's suppression motion.

suspicion to stop Appellant and further investigate whether he was intoxicated, and (2) probable cause to stop Appellant for the numerous moving violations with which he was later charged.[4]  Accordingly, the trial court properly denied Appellant's motion to suppress.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary


Date: 7/14/2015

---

[4] We acknowledge that, unlike a suspected DUI situation, where a vehicle stop may lead to further evidence of the offense, "[m]ere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation." **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa.Super.2010) (*en banc*).  In such an instance, an officer must articulate specific facts possessed by him at the time of the stop that would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.  **Id.**  In the instant case, Trooper Dickson articulated sufficient specific facts to justify a vehicle stop even in the absence of the suspected DUI. **See** Footnote 2, **supra**.