J-A20005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY CASTELLO, | |
| Appellant | No. 1778 WDA 2017 |

Appeal from the Judgment of Sentence Entered October 31, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000236-2017

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED OCTOBER 16, 2018**

Appellant, Jeffrey Castello, appeals from the judgment of sentence of 364-728 days' incarceration, imposed following his conviction for driving under influence of alcohol ("DUI"), driving while operating privilege is suspended or revoked, careless driving, and driving without a license.[1] Appellant presents several challenges to the trial court's denying his motion to suppress. After careful review, we affirm.

The trial court summarized the facts adduced at Appellant's suppression hearing and non-jury trial as follows:

> Sergeant Joel Hamilton of the Robinson Township Police Department testified at the suppression hearing that he [encountered] Appellant on June 18, 2016. [N.T. Suppression,

_____

[1] 75 Pa.C.S. § 3802(a)(1), 75 Pa.C.S. § 1543(b)(1), 75 Pa.C.S. § 3714, and 75 Pa.C.S. § 1501, respectively.

5/1/17, at 9]. Sergeant Hamilton testified that he was patrolling the Westway Shops in Robinson Township at approximately 1:00 a.m. when he observed Appellant travelling at what the Sergeant believed was an excessive speed for a crowded parking lot. [*Id.* at 9-10]. Based on the speed of the vehicle traversing through a parking lot, combined with the Sergeant's knowledge that patrons of a local bar in that plaza were frequently in that vicinity at that time of night, the Sergeant turned onto Steubenville Pike and followed Appellant. [*Id.* at 10]. Sergeant Hamilton testified that once Appellant entered Steubenville Pike, his car accelerated up to 50 miles per hour according to Sergeant Hamilton's calibrated speedometer. [*Id.* at 11]. The posted speed limit for that stretch of road is 35 miles per hour. *Id.* In the quarter mile stretch that the Sergeant followed Appellant, the Sergeant observed Appellant's vehicle cross the center[]line once and cross the fog line at least twice.[2] *Id.* Based on the Sergeant's observations, he activated his sirens and pulled Appellant's truck over.[3] [*Id.* at 12].

[2] On cross-examination, Sergeant Hamilton testified that his "rule of thumb" was that one tire over a line was not a significant vehicular infraction. Two tires crossing either the center or [the] fog line, however, he … note[d]. Therefore[,] he concluded that Appellant must have crossed the lines with two of his tires. [*Id.* at 23].

[3] Detective Hamilton further testified on cross-examination that he did not observe any pedestrians on Steubenville Pike but he could not observe beyond the crest of a hill Appellant was ascending during the time he followed Appellant's truck. [*Id.* at 25-26].

When the Sergeant reached Appellant's truck, he detected a strong odor of alcohol and observed that Appellant's eyes appeared bloodshot and glassy. [*Id.* at 13]. Appellant told him that his license was suspended and that he had left his identification at the bar at the Westway Shops where the Sergeant first observed Appellant's vehicle. [*Id.* at 13-14]. Next, Appellant spontaneously uttered that he was "intoxicated." [*Id.* at 14]. Appellant admitted to consuming between six and eight beers, as well as two to three shots of hard liquor. [*Id.* at 15]. Sergeant Hamilton testified that Appellant showed signs of impairment on each of the field sobriety tests. [*Id.* at 16].

At the stipulated nonjury trial, counsel for Appellant stipulated to the admission of the May 1, 2017 transcript. [N.T. Non-jury Trial, 10/31/17, at 14]. Counsel also stipulated to Appellant's certified driving record, which indicated that Appellant was under license suspension at the time he was driving, and to a certified conviction of one of the DUIs in which Appellant had been convicted. *Id.* Counsel further stipulated to two other DUI convictions and that all three convictions were within the ten[-]year lookback period. [*Id.* at 13].

Trial Court Opinion ("TCO"), 1/25/18, at 3-4.

As noted above, the trial court charged Appellant with DUI, driving while operating privilege is suspended or revoked, careless driving, and driving without a license. On March 24, 2017, Appellant filed a motion to suppress alleging that Sergeant Hamilton lacked probable cause to stop his vehicle. Following a hearing held on May 1, 2017, the trial court denied that motion. *See* Findings of Fact and Conclusions of Law ("Findings"), 7/31/17, at 3. Appellant proceeded to a stipulated, non-jury trial on October 31, 2017. The trial court found Appellant guilty of all the charged offenses. That same day, the trial court sentenced him to an aggregate term of 354-728 days' (1 year less one day to 2 years less 2 days') incarceration.

Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on January 25, 2018. Appellant now presents the following questions for our review:

I. Whether the suppression court erred in making factual findings not supported by the record?

II. Whether Sergeant Hamilton lacked probable cause to stop Appellant['s] vehicle?

III. Whether the Court erred in unduly protracting prejudicial testimony from Sergeant Hamilton?

IV. Whether the trial court erred when it refused to suppress the fruits of an illegal traffic stop where the stop occurred without probable cause?

Appellant's Brief at 4. We will address Appellant's claims out of the order in which they were presented to aid in our disposition of this matter.

Appellant's first claim concerns the trial court's factual findings during his suppression hearing.

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where … the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. McAdoo*, 46 A.3d 781, 783-84 (Pa. Super. 2012) (quoting *Commonwealth v. Hoppert*, 39 A.3d 358, 361–62 (Pa. Super. 2012)).

Appellant alleges that several of the trial court's factual findings are not supported by the record. First, he contends that there is no evidence in the record that he failed to utilize his turn signal. *See* Findings at 1 ¶ 6 (indicating

- 4 -

that Appellant did not use his turn signal). As correctly noted by the Commonwealth, Appellant misconstrues the record. *See* Commonwealth's Brief at 15 n.19. Although it is true that Sergeant Hamilton did not observe a turn signal violation when Appellant exited the parking lot, *see* N.T. Suppression at 21, he did observe Appellant's failing to utilize his turn signal while crossing the lines on Steubenville Pike, *see id.* at 11. Accordingly, the trial court's factual determination that Appellant "did not utilize his turn signal when he was traveling on Steubenville Pike" was an accurate depiction of Sergeant Hamilton's testimony. Findings at 1 ¶ 6.

Second, Appellant complains that the trial court failed "to address the lack of calibration of the patrol car's speedometer and the lack of requisite distance to pace speed." Appellant's Brief at 10. Essentially, Appellant complains that Sergeant Hamilton's estimation of his speed was inadmissible pursuant to 75 Pa.C.S. § 3368.[2] However, as the Commonwealth correctly argues, Section 3368 is not applicable in these circumstances, where the testimony in question pertains to a finding of probable cause that a careless driving offense had been committed, not where the offense at issue is a

_____

[2] Section 3368(a) provides that "[t]he rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile." Section 3368(b) provides, in part, that "[s]peedometers shall have been tested for accuracy within a period of one year prior to the alleged violation and immediately upon change of tire size."

speeding offense or the failure to obey traffic-control devices.[3] Appellant's actual speed was not an element of the offense at issue. Rather, Appellant's speed was but one factor among many that contributed to Sergeant Hamilton's determination that Appellant was engaged in careless driving. Accordingly, we conclude that the trial court did not err by admitting Sergeant Hamilton's estimate of Appellant's speed, despite the Sergeant's failure to demonstrate his compliance with Section 3368.

The remainder of Appellant's complaints regarding the trial court's summary of the facts concern trivial discrepancies and/or simply unartful representations by the trial court, none of which, we conclude, contributed significantly to the legal conclusions at issue.

We turn now to Appellant's third claim, in which he contends that the trial court "unduly protract[ed]" the testimony of Sergeant Hamilton. The entirety of Appellant's argument is as follows:

> It is uncontroverted that a trial judge may interrogate witnesses in order to clarify an issue or vague evidence. **Mansour v. Linganna**, 787 A.2d 443 (Pa. Super. 2001). However, that right

---

[3] This Court has held that "the requirements of [S]ection 3368 must be met before a violation of [S]ection 3111 [obedience to traffic-control devices] may be sustained." **Commonwealth v. Masters**, 737 A.2d 1229, 1231 (Pa. Super. 1999). Previously, this Court held that the requirements of Section 3368 must be met to sustain a violation of Section 3362 (maximum speed limits). **See Commonwealth v. Martorano**, 563 A.2d 1229, 1233 (Pa. Super. 1989) (*en banc*) (reasoning that "the Pennsylvania Legislature fully intended to require the use of speed timing devices when a driver is charged with violating 75 Pa.C.S. § 3362"). However, Appellant has provided no case law suggesting that full compliance with Section 3368 is required to establish violations of the Motor Vehicle Code beyond Sections 3111 and 3362.

> is limited once a judge unduly protracts testimony from a witness. ***Carney v. Otis Elevator Co.***, 536 A.2d 804 (Pa. 1988). The burden is on the Defendant to show prejudice by the questioning such that an unfair result was reached. ***Commonwealth v. Troop***, 571 A.2d 1084, 1086 (Pa. Super. 1990).
>
> Here, the assistant district attorney made no reference to the … hill crest theory upon which the court determined a potential safety hazard existed. There was no testimony regarding the same prior to the questioning by the court. The court asked all of the questions regarding the hill crest theory thereby bolstering the position of the Commonwealth and prejudging guilt, not clarifying an issue that was already placed before the [c]ourt.

Appellant's Brief at 26-27.

Our review of the record demonstrates that Appellant made no attempt to object to the trial court's questioning of Sergeant Hamilton regarding the hill crest. *See* N.T. Suppression at 25-26. As such, this claim is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, even if not waived, we ascertain no error in the court's questioning of Sergeant Hamilton. The court asked only two questions of Sergeant Hamilton. *See* N.T. Suppression at 25-26. Moreover, contrary to Appellant's assertion, there was testimony regarding the hill crest just moments before. *Id.* at 24. Thus, the court's questioning regarding the hill crest was neither protracted nor unrelated to content of Sergeant Hamilton's prior testimony.

Finally, in Appellant's second and fourth claims, he contends the trial court erred in denying his suppression motion, arguing that Sergeant Hamilton lacked probable cause to stop him for careless driving. "Any person who

drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714(a). Careless driving is essentially a lesser-included offense of reckless driving, 75 Pa.C.S. § 3736, a similarly worded statute; whereas the *mens rea* element of reckless driving is criminal recklessness, 18 Pa.C.S. § 302(b)(3), the *mens rea* element of careless driving is criminal negligence, 18 Pa.C.S. § 302(b)(4). ***See generally Commonwealth v. Bullick***, 830 A.2d 998, 1000-03 (Pa. Super. 2003) (discussing the history of, and relationship between, careless and reckless driving).

> Probable cause is made out when "the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." ***Commonwealth v. Rodriguez***, 526 Pa. 268, 585 A.2d 988, 990 (1991). The question we ask is not whether the officer's belief was "correct or more likely true than false." ***Texas v. Brown***, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Rather, we require only a "probability, and not a *prima facie* showing, of criminal activity." ***Illinois v. Gates***, 462 U.S. 213, 235, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (citation omitted) (emphasis supplied). In determining whether probable cause exists, we apply a totality of the circumstances test. ***Commonwealth v. Clark***, 558 Pa. 157, 735 A.2d 1248, 1252 (1999) (relying on ***Gates***, ***supra***).

***Commonwealth v. Thompson***, 985 A.2d 928, 931 (Pa. 2009). Here, because this case involved the stop of a vehicle, we look to that point in time, rather than the later arrest, to determine if Sergeant Hamilton possessed probable cause to believe that Appellant committed or was committing the offense of careless driving.

The trial court reasoned that Sergeant Hamilton did possess probable cause to stop Appellant, based on the following:

Sergeant Hamilton's uncontroverted testimony was that he observed Appellant's car moving at a high rate of speed in a parking lot outside a bar where patrons were entering and exiting at that time of night. The Sergeant followed Appellant onto Steubenville Pike, where the Sergeant observed Appellant's car cross the center[]line once and the fog line at least twice.[4] The Sergeant testified that he knew Appellant's car crossed the lines with two tires, as he does not note as significant one tire crossing. Despite the short distance, Sergeant Hamilton was able to determine that Appellant was travelling at 50 miles per hour,[5] well above the posted speed limit of 35 miles per hour. Detective Hamilton testified that Appellant would not have been able to observe beyond the crest of the hill on which he drove, and that potential pedestrians or stopped cars would have been at risk due to Appellant's driving. This [c]ourt found the Sergeant's testimony credible and the violations significant, as Appellant's actions put anyone on the road with him at risk for great harm. Based on the totality of the circumstances,[7] this [c]ourt did not err on denying the motion to suppress.

[4] Appellant's argument that Careless Driving applies only to roadways or highways and not to trafficways is of no moment as the Sergeant testified to numerous vehicular infractions on Steubenville Pike, a roadway or highway, which would constitute Careless Driving.

[5] An officer may testify to her or his estimate of a vehicle's speed. ***Commonwealth v. Martorano***, 563 A.2d 1229 (Pa. Super. 1989).

[7] Contrary to the assertions of Appellant, this [c]ourt relied upon the evidence listed above and not alleged additional violations of the Vehicle Code not considered by the Sergeant and not charged by the Commonwealth.

TCO at 5-6 (footnote omitted).

Appellant first argues that the trial court should not have considered any potential violations that occurred while he was driving in the parking lot.

However, the trial court clearly asserts, above, that it would have found probable cause to stop Appellant for careless driving absent those violations. Accordingly, we need not reach that question in this case, and we will analyze the trial court's probable cause determination based solely on the conduct observed by Sergeant Hamilton after Appellant exited the parking lot.

Next, Appellant contends that the Commonwealth offered insufficient evidence of speeding. *See* Appellant's Brief at 15-17. As we discussed, *supra*, Appellant's reliance on Section 3368 is misplaced in the context of careless driving. Moreover, Appellant's reliance on Section 3368, and his invocation of the term "sufficiency," are improper in the context of a probable cause determination. Probable cause does not require a showing of proof beyond a reasonable doubt, nor even the proof required to establish a *prima facie* case. **See Thompson**, **supra**. All that is required for a showing of probable cause is some *probability* of criminal conduct. **Id.** Here, Sergeant Hamilton's estimation of Appellant's speed adequately demonstrated a probability that Appellant exceeded the posted speed limit for purposes of demonstrating whether, in the totality of the circumstances, Appellant was engaged in careless driving.

Next, Appellant argues that there was no evidence suggesting that other vehicles or pedestrians were on the road when Sergeant Hamilton stopped him. **See** Appellant's Brief at 17-18. The trial court suggested, as noted above, that based on testimony it elicited from Sergeant Hamilton, Appellant's driving presented a risk to anyone who may have been over the crest of the

hill near where Appellant was stopped.  For the following reasons, we need not address the merits, or lack therefore, of the trial court's hill crest theory.

Appellant does not cite to any case law directly stating that one cannot commit the offense of careless driving unless there are other drivers or pedestrians in the vicinity of where the alleged offense occurred.  Indeed, the statute itself cannot be reasonably read to exclude the careless driver as one of the persons who might be endangered.[4]  Thus, even in the absence of the trial court's hill crest theory, it is obvious from the circumstances of this case that at least two persons were potentially endangered by Appellant's careless driving: Appellant and Sergeant Hamilton.  This argument lacks merit.

Appellant also asserts that the lane violations were too minor to justify a stop for careless driving, citing **Commonwealth v. Gleason**, 785 A.2d 983, 988 (Pa. 2001).  On its face, this claim is not meritorious.  The trial court did not determine that Sergeant Hamilton possessed probable cause to stop Appellant for careless driving based solely on Appellant's lane violations.

**Gleason** is factually distinguishable from this matter.  In that case, the driver crossed the fog line on a few occasions over a short distance.  Here, not only did Appellant cross the fog line twice, he also crossed the centerline with both tires, and was travelling in excess of the posted speed limit.

---

[4] It would have been easy enough to include the term "other" before the phrase "persons or property," if the legislature intended to limit the scope of the statute in that fashion.  Furthermore, in **Commonwealth Lindblom**, 854 A.2d 604, 608 (Pa. Super. 2004), this Court indicated that motorists could be stopped for reckless driving even when it was only their own safety that was at risk.

Moreover, crossing the centerline presents a significantly higher risk than crossing a fog line, especially when travelling at fast speeds. Appellant's citation to **Commonwealth v. Garcia**, 859 A.2d 820 (Pa. Super. 2004), is also unconvincing, as that case involved only two minor crossings of the fog line, and no evidence of speeding or crossing the centerline. Likewise, Appellant's citation to **Lindblom** is unavailing. Appellant misquotes this Court as having asserted "a motorist cannot be stopped for crossing the center line or the fog line multiple times unless there is evidence that the driving created a safety hazard." **Lindblom**, 854 A.2d at 607. However, our review of that case reveals that the above-quoted statement was from the *trial court*. Indeed, this Court overturned the trial court's suppression order in **Lindblom**, and expressly rejected the above-quoted statement, when we determined: "[W]hile opposing traffic may not have been present during the entire time [the witness] observed [Lindblom] driving, we note that a motorist may be stopped for reckless driving even if the only concern is for the motorist's own safety." **Id.** at 608. Thus, **Lindblom** stands for precisely the opposite legal conclusion than Appellant suggests.

In sum, we do not find merit to any of the sub-claims presented in Appellant's challenge to the trial court's suppression order. Furthermore, we agree with the trial court that Sergeant Hamilton possessed probable cause to stop Appellant for careless driving, based on his observations that Appellant, while driving at night, crossed both the fog and centerlines while driving in excess of the posted speed limit.

Judgment of sentence ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/16/2018</u>